1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT TAYLOR, *et al.*,

        Plaintiffs,

    v.

DAVID ELLINGTON, *et al.*,

        Defendants.

Case No.  C08-1257RSL

ORDER GRANTING PLAINTIFFS'
MOTION FOR AN EXTENSION OF
TIME TO SERVE; DENYING
DEFENDANTS' MOTION TO
DISMISS

16

17

18

19

20

21

22

23

24

25

26

27

28

      This matter comes before the Court on plaintiffs' motion for an extension of time to serve defendants David Ellington and Jane Doe Ellington and on the Ellingtons' motion to dismiss the complaint against them pursuant to Federal Rule of Civil Procedure 4(m) for plaintiffs' failure to serve them within 120 days after the complaint was filed.  This lawsuit arises out of a motor vehicle accident that occurred in November, 2006 in Oregon.  Mr. Ellington is a Clackamas County Sheriff.

      Plaintiffs filed this action on August 21, 2008, but they have not served the Ellingtons. Federal Rule of Civil Procedure 4(m) provides that if the summons and complaint are not served within 120 days after the complaint is filed, the Court "must dismiss the action without prejudice against the defendant or order that service be made within a specified time."  In this case, the latter option is warranted.  Plaintiffs have been diligent in attempting to serve the Ellingtons:

ORDER - 1

1   they have made three attempts to do so.  Furthermore, plaintiffs have shown good cause for the

2   delay.  Mr. Ellington gave his work address, rather than his home address, to the officer

3   investigating the accident, to plaintiffs, and to the PIP insurance adjuster.  He did not tell any of

4   them that he was giving them his work address.  In fact, the PIP adjuster explicitly asked Mr.

5   Ellington if the address he gave was his "home address," and Mr. Ellington confirmed that it

6   was.  Declaration of Roger Tibbot, (Dkt. #19-3).  Understandably, plaintiffs attempted to serve

7   Mr. Ellington at that address.  The officer at the front desk refused to provide any information

8   about Mr. Ellington.  Plaintiffs were unable to locate a home address for the Ellingtons.

9        Mr. Ellington states that it is standard practice for police officers not to give out their

10  home address for safety reasons.  Declaration of David Ellington, (Dkt. #22) ("Ellington Decl.")

11  at ¶ 3.  Mr. Ellington's declaration does not explain why he gave a false answer to the PIP

12  adjuster or why he failed to explain to plaintiffs that he was giving them his work address, which

13  would have avoided at least some of the confusion and delay.  In addition to the fact that Mr.

14  Ellington's representations and omissions caused confusion and a delay of service,[1] he received

15  actual notice of the lawsuit.  The Ellingtons will not be prejudiced by a brief extension.  In

16  contrast, plaintiffs would be severely prejudiced.  Even though the dismissal would be without

17  prejudice, it would preclude plaintiffs from refiling their claims because they would be time

18  barred.  Accordingly, a brief extension is warranted.

19      Plaintiffs' motion for an extension of time to serve (Dkt. #20) is GRANTED.  Plaintiffs

20  must serve the Ellingtons within thirty days of the date of this order.  The Ellingtons must

21  facilitate service by promptly providing plaintiffs' counsel with their home address, accepting

22  service at a designated time and place at their place of work, or authorizing their counsel to

23  accept service on their behalf.  The Ellingtons' motion to dismiss (Dkt. #17) is DENIED.

24      Finally, the Court considers plaintiffs' request an award of their attorney's fees for

25

26

27      [1] Mr. Ellington is warned that similar misrepresentations will not be tolerated in any
    proceedings in this matter, including discovery.

28  ORDER - 2

1  responding to the motion to dismiss, for plaintiffs' costs incurred in the unsuccessful service

2  attempts, and for appointment of a U.S. Marshal to effect service.  The Court will not appoint a

3  U.S. Marshal because defendants are expected to cooperate with plaintiffs' next attempt to serve

4  them.  Furthermore, plaintiffs would not have had to respond to a motion to dismiss if they had

5  filed for an extension to serve before the end of the 120-day period.  Finally, it appears that

6  plaintiffs' process server could have done more to locate Mr. Ellington.  He states that when he

7  attempted service at the work address, "the officer at the front desk would not provide any

8  information regarding defendant."  (Dkt. #24).  It is unclear whether he asked to speak with Mr.

9  Ellington, which could have resulted in service.  Ellington Decl. at ¶ 5 ("If a member of the

10  public comes into the office that I specified and asks for me, the standard practice is for the

11  officer at the desk to offer to call me or to let the person know where they can find me.").

12  Accordingly, the Court will not impose sanctions.

13

14          DATED this 13th day of April, 2009.

15

16

17                          _Mr̄ S Lasnik_
                             Robert S. Lasnik

18                           United States District Judge

19

20

21

22

23

24

25

26

27

28  ORDER - 3